UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

FILED
FEB 23 2021

| UNITED STATES OF AMERICA, Plaintiff, vs. GREGORY T. ROGGENTHEN, GTR FARM & RANCH, LLC, OPEN RANGE FARMS, INC., TIMBER CREEK LAND & CATTLE, LLC, Defendants. | 1:19-CV-01018-CBK ORDER |
|---|---|

## BACKGROUND

Plaintiff instituted this suit to foreclose on loans made by the United States Department of Agriculture ("USDA"), Farm Service Agency ("FSA") to defendant GTR Farm & Ranch, LLC and co-signed by defendant Gregory T. Roggenthen. The loans included a 2015 loan to purchase farm equipment, a 2015 farm storage facility loan to construct a 55,000 bushel grain bin, and a 2106 operating loan. The loans were secured by all crops and farm products grown on certain real estate owned by debtors, farm program payments, crop indemnity payments, equipment, vehicles, and the grain storage bin owned by Roggenthen and GTR Farm and Ranch, as well as the proceeds from the sale of any of the foregoing.

Plaintiff alleged in the complaint that defendant Open Range Farms, Inc. was formed by Roggenthen and Open Range Farms thereafter sold property owned by Roggenthen and GTR Farm & Ranch, and upon which plaintiff had a security interest, without consent of plaintiff and without honoring plaintiff's liens.

Plaintiff alleged in the complaint that defendant borrowers were in default on the loans and had not accounted to plaintiff for any proceeds from the sale of any crops nor any indemnity payments for 2016, 2017, and 2018 crops. At the time the complaint was filed, plaintiffs alleged the debt owed to plaintiff was $355,795.17. Plaintiff alleged that

borrowers made fraudulent transfers of secured property in 2017 and 2018 in the amount of $136,706.22.

Plaintiff sought to foreclose on the loans made to borrowers and on the secured property. Plaintiff also sought to pierce the corporate veil of Open Range Farms, which plaintiff described as a "legal fiction" with no assets other than encumbered property transferred to it by Roggenthen and GTR Farm & Ranch. Plaintiff sought a declaratory judgment that transfers of encumbered property and proceeds made to Open Range Farms were fraudulent and should be set aside. Plaintiff also sought judgment against Roggenthen, GTR Farm & Ranch, and Open Range Farms jointly and severally on the basis of unjust enrichment.

Defendant Timber Creek Land & Cattle, LLC, was joined as a defendant because part of the loan collateral, a bin, was constructed on real property owned by Timber Creek Land & Cattle, even though neither Roggenthen nor GTR Farm and Ranch owned any interest in Timber Creek Land & Cattle. Plaintiff sought no judgment against this defendant because Timber Creek Land & Cattle had already entered into an agreement that, upon default, plaintiff may take possession of the bin and remove the bin without notice or liability.

None of the defendants answered and the Clerk entered a default. Plaintiff thereafter moved for a default judgment against defendants Roggenthen, GTR Farm & Ranch, and Open Range Farms. This Court entered a default judgment and decree of sale on December 18, 2019. An amended judgment was entered on January 27, 2020, to correct an administrative error in the amount of the debt owing, which error was in defendants' favor. A second amended default judgment was entered April 16, 2020, *nunc pro tunc* to January 24, 2020. This judgment was based upon a late filed declaration of the amount of the debt owing but did not differ from the amended judgment. Plaintiff was awarded judgment in the amount of $355,843.63.

Pursuant to the judgment and decree of sale, an auction was held October 24, 2020. On January 22, 2021, plaintiff moved to join defendants and amend the complaint. Plaintiff seeks to join Prairieland Collections Inc. and Wilbur-Ellis Company. Plaintiff

2

seeks no money judgment against the proposed new defendants but instead seeks a determination of the lien priority of plaintiff's liens over the proposed new defendants' judgment liens. Plaintiff contends that the government's lien is superior to the judgment liens.

Plaintiff filed a declaration and motion to confirm sale on January 28, 2021. Plaintiff alleges that defendant Roggenthen did not cooperate with the United States Marshal in turning over equipment for the sale and has refused to disclose where secured assets are stored. Eleven items were sold at auction which netted $75,007.75 after sale costs. The Marshals' fees were $1,038.25.

## DECISION

Plaintiff seeks leave to add parties pursuant to Fed. R. Civ. P. 21 and to thereafter amend the complaint pursuant to Fed. R. Civ. P. 15. The United States Court of Appeals for the Eighth Circuit has clearly set forth the rules to be applied when a plaintiff seeks to amend a complaint after the issuance of a judgment:

> We have repeatedly explained that "[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal." Mountain Home Flight Serv., Inc. v. Baxter Cty., 758 F.3d 1038, 1045 (8th Cir. 2014). Leave to amend should be granted liberally under Rule 15 prior to dismissal. After judgment has been entered, district courts may not ignore the considerations of Rule 15, but leave to amend a pleading will be granted only "if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 743 (8th Cir. 2014). Even if a dismissal is without prejudice, if the court intended the decision to be a final, appealable order, it constitutes dismissal of the entire action, and the more stringent postjudgment standards apply. Mountain Home, 758 F.3d at 1045–46.

In re SuperValu, Inc., 925 F.3d 955, 961 (8th Cir. 2019) (emphasis supplied).

Pursuant to Rule 59(e), "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Under Rule 60(b):

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

3

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

Plaintiff has not plead any basis for post-judgment amendment of the complaint as required by In re SuperValu, Inc. The stringent time standard of Rule 59(e) has long since elapsed. Plaintiff claims in its brief that it was not aware of the judgment creditors' liens until a recent lien search was made. No explanation is provided for failure to act with due diligence. Plaintiff has not identified any one of the stringent standards set forth in Fed. R. Civ. P. 60(b) that applies to allow amendment of the complaint and adding new defendants in this case following entry of judgment. Even if plaintiff had identified a basis for post-judgment amendment consistent with In re SuperValu, Inc., a brief alone is an insufficient means of establishing good cause for failing to originally join all persons and entities having an interest in property upon which a plaintiff seeks lien foreclosure.

I practiced law with a rather extensive litigation practice for 30 years. I have now been a judge for almost 26 years. I have never heard of anyone attempting to add additional parties and then amend the complaint after a final judgment has been entered and some security has been sold at execution. What would become of the judgment which has become final? Why was no lien check done before filing a lawsuit or during the course of the lawsuit?

## ORDER

Now, therefore,

IT IS ORDERED that plaintiff's motion, Doc. 20, to add parties and to amend the complaint is denied.

DATED this 15th day of February, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge